EUGENE A. FINNEGAN, RELATOR, v. DORIS L. MILLER, DEFENDANT.

Argued August 7, 1944—Briefs Submitted August 15, 1944—Decided September 7, 1944.

Before Justice HEHER, by consent.

For the relator, *Bertram M. Berla.*

For the defendant, *Raymond C. Matthews.*

HEHER, J. The subject-matter of this proceeding, commenced under *R. S.* 2:84–7, is the title to the office of collector of taxes of the Township of Rockaway, in the County of Morris.

After a public hearing on notice, the governing body of the municipality, on April 4th, 1944, adopted a resolution removing relator from the stated office, (a) for failure to hold a sale for taxes in arrears on July 1st, 1943, in accordance with *R. S.* 54:5–19; (b) for failure "to sell for all taxes in arrears on July 1st, 1942," at a tax sale held on December 17th, 1942, contrary to the same section; and (c) for selling parcels of a particular person, at the last-mentioned sale, "for amounts greater than set forth in the advertisement of sale."

These and other specifications of misfeasance and non-feasance were reduced to writing and served upon defendant. He appeared at the hearing, without counsel, but withdrew before it had progressed to the point of taking testimony. The hearing proceeded and evidence was adduced in support of the charges. The removal was predicated upon a finding, embodied in the resolution adverted to, that the three stated specifications had been established by the proofs. Relator had been elected to the office in question for a term expiring on December 31st, 1944; and, on the assumption of a vacancy, the defendant was appointed collector by the governing body for relator's unexpired term. It is common ground that, if the office was vacant at the time of defendant's appointment, his title is unimpeachable.

The case comes before me, by consent, on an information in the nature of *quo warranto,* plea, reply, and stipulation of facts.

It is argued, first, that the power of removal vested in the governing body by *R. S.* 54:5–41 has relation only to the "certifying officer" referred to in *R. S.* 54:5–40, and that, at all events, it is confined to the selling function of the collector and not to the office itself.

But the power is not so circumscribed. *Section* 54:5–41, *supra,* is a part of the article headed "Sale of real property to enforce liens." It provides that "A municipal officer may be removed from office by the governing body of the municipality after hearing, for failure to comply with any reasonable direction provided for in this section and said *section* 54:5–40, or for failure to comply with any other duties

imposed on him by this chapter." *Section* 54:5–19 requires an annual sale to enforce tax liens, subject to certain conditions. The duty is laid upon the "collector or other officer charged by law in the municipality with that duty;" and it is therein also provided that the term "collector" as thereinafter used "includes any such officer," and the term " 'officer' includes the collector." Thus, by the express terms of the statute, the tax collector is a "municipal officer" within the purview of the removal clause. This is essentially a remedial measure to insure diligence and efficiency in the administration of the tax laws. There is no intimation of a purpose to distinguish in this regard between elective and appointive offices. A collector not mindful of duty could seriously hamper the enforcement of the tax policy; and the legislature undoubtedly had this in view in framing the removal provision. To justify ouster, the failure of duty must be substantial in character. And the general rule seems to be that it must also be intentional and not merely accidental or involuntary. 46 *C. J.* 988. But our court of last resort has expressed the view, obiter, that it need not be "willful." *McCran* v. *Gaul,* 95 *N. J. L.* 393; *affirmed,* 96 *Id.* 165. It is conceded that, by force of *section* 54:5–19, *supra,* the collector here was under a peremptory duty to hold a tax sale during the year 1943, and that he defaulted in the performance of the obligation.

And the statute in respect of this provision does not contravene *article IV, section 7, paragraph* 4, *of the State Constitution,* directing that every law shall embrace but one object, and that shall be expressed in the title. The object of the Revision of 1937 is single and is expressed in its title. *State* v. *Czarnicki,* 124 *N. J. L.* 43. The chapter headings and subheadings are not part of the title.

Nor is the removal clause, if it be read as covering tax collectors, violative of *article VI, section* 3, *paragraph* 1, *of the Constitution,* vesting the impeachment jurisdiction in the court created for the trial of impeachments.

The tax collectorship is not a constitutional office. The cited provision does not deprive the legislature of the power to provide for the removal of the incumbents of statutory

offices. The authority to provide for the termination of the occupant's tenure for misconduct in office and neglect of duty is an incident of the creative power, and is not a grant of jurisdiction which by the constitution is vested exclusively in the court for the trial of impeachments. *McCran* v. *Gaul, supra.* In creating an elective municipal office with a fixed term, the legislature may condition the incumbent's tenure on good behavior in office, and clothe the local governing body with the power of removal upon the ascertainment of facts demonstrating a breach of the condition. Ouster for cause in such circumstances is a *quasi*-judicial function that is not deemed an encroachment upon the judiciary, or the court for the trial of impeachments in particular.

Lastly, it is insisted that relator did not "receive a fair trial," in that the governing body retained an attorney to prosecute the charges, and otherwise exhibited such bias and prejudice against relator as to have precluded a dispassionate consideration of the evidence and resolution of the issues, and also in that the proofs "do not adequately support" the conclusion.

I doubt that the questions thus raised are open to examination in this proceeding. Since there was jurisdiction of the subject-matter and of the parties, it would seem that the determination of the local tribunal is not subject to collateral impeachment. As said, this is a *quasi*-judicial proceeding; and, while it remains in force, the judgment is conclusive and not open to collateral attack. There is no distinction in point of conclusiveness between the decisions of a special tribunal such as this and the judgments of a court of record. The sole difference is in the presumption of jurisdiction that inheres in general courts alone. If the right of the special tribunal to pass upon the matter in issue be established, its determinations are conclusive upon the parties until reversed by some appellate court. *Thompson* v. *Board of Education,* 57 *N. J. L.* 628; *Mangani* v. *Hydro, Inc.,* 119 *Id.* 71. Compare *State* v. *Clerk of Passaic,* 25 *Id.* 354. The function of *quo warranto* is to try the title to the office, not to determine whether the ouster proceedings are free of error. Jurisdictional deficiencies apparent on the face of the record are in

a different category. Compare *McCran* v. *Gaul, supra.* Of course, there the removal power was lodged in the governor, although it is not indicated that that was deemed a controlling circumstance in this regard. *Vide State* v. *Governor, 25 Id.* 331.

I am not unmindful of the rule that if title to an office is the avowed or real subject of controversy, *quo warranto* is the exclusive legal remedy, and that *certiorari* is available only to the incumbent to review action adverse to his rights. *Bradshaw* v. *City of Camden,* 39 *N. J. L.* 416; *Moore* v. *Borough of Bradley Beach,* 87 *Id.* 391; *Murphy* v. *Freeholders of Hudson County,* 92 *Id.* 244. But here there was *quasi*-judicial action by a special tribunal; and the principle is as firmly established that matters once litigated and decided between the parties are settled. The doctrine of *res judicata* is fundamental and universally accepted.

But however this may be, these points are clearly lacking in merit. As to the first, see *Crane* v. *Jersey City,* 90 *N. J. L.* 109; *affirmed,* 92 *Id.* 248. And there was ample evidence to support the judgment. As said, relator concededly failed in the performance of his mandatory statutory duty to hold a sale to enforce liens for tax arrears; and this alone sustains the ouster. *McCran* v. *Gaul, supra.*

Let judgment be entered for defendant, with costs.